LAW OFFICES OF WILLIAM C. REIL
William C. Reil, Esquire
Attorney Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
(215) 564-1635
Attorney for Plaintiff Layliani Perez

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAYLIANI PEREZ,<br>1655 Oakwood Dr.<br>Unit N311<br>Penn Valley, PA 19072<br><br>Plaintiff,<br><br>v.<br><br>TEMPLE UNIVERSITY—OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION a/k/a TEMPLE UNIVERSITY,<br>c/o Office of University Counsel<br>1330 W. Polett Walk<br>Philadelphia, PA 19122<br><br>Defendant | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Layliani Perez ("Perez"), by and through her undersigned counsel, files this Complaint against Defendant Temple University—Of the Commonwealth System of Higher Education a/k/a Temple University ("Temple"), and alleges as follows:

**PARTIES**

1. Plaintiff Layliani Perez is an adult individual who, at all times material to this action, was an undergraduate student in Temple University's Civil Engineering program.

2. At the time of the events alleged below, Perez had invested approximately four years in the Civil Engineering program and had paid approximately $80,000 in tuition toward completion of her degree.

3. Defendant Temple University—Of the Commonwealth System of Higher Education is a state-related university located in Philadelphia, Pennsylvania.

4. At all times material to this action, Temple acted under color of state law and was a state actor for purposes of 42 U.S.C. § 1983.

5. Temple University's address for service of process is indicated in the caption.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Perez asserts claims under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, as well as federal statutory claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Temple is located in this District and the events and omissions giving rise to Perez's claims occurred in Philadelphia, Pennsylvania.

## SUMMARY

8. There were three separate University Conduct Board hearings at Temple for Ms. Perez involving substantially the same allegations of dishonesty, which resulted in inconsistent findings. None of these decisions involved any explanation of how they were reached.

9. A brief summary of the key events and three distinct hearings is as follows:

(a) Plaintiff received an accommodation under the ADA for an anxiety-related disorder from Temple on or about June 13, 2025. A true and correct copy of this document is attached and incorporated as Exhibit A.

(b) Professor Hutapea initiated charges against plaintiff for cheating and the University Conduct Board found against plaintiff on 12/18/25.

(c) Professor Haijun Liu, who also taught civil engineering to plaintiff, initiated charges against plaintiff for cheating and the University Conduct Board found in favor of plaintiff on or about 3/27/26.

(d) Plaintiff received an email on or about 4/16/26 from Peter Cason, *sua sponte*, granting plaintiff a new hearing involving the allegations brought by Professor Hutapea arising out of the failure of Temple to provide a videotape of Ms. Perez taking her exam in the Disability Resource Services Facility (DRS), and inconsistent findings of the University Conduct Boards. A true and correct copy of this document is attached and incorporated as Exhibit B.

(e) A second time, Professor Hutapea initiated charges against plaintiff for cheating and the University Conduct Board found against plaintiff on 5/29/26.

(f) Plaintiff received an "F" from Professor Hutapea for his course and was required to retake it, as well as probationary status through graduation. Even though plaintiff prevailed against Professor Liu on substantially the same charges, it is believed that these disciplinary proceedings and accusations remain on her record at Temple for approximately six years. It is also believed that Professor Hutapea's grade of "F" and the finding of the University Conduct Board that plaintiff was culpable remain on plaintiff's disciplinary record for approximately six years.

## FACTUAL ALLEGATIONS

10. Perez is 22 years old and is pursuing a degree in Civil Engineering at Temple. She anticipates graduating after completion of the requirements remaining in her program.

11. Perez received disability-related testing accommodations from Temple, including taking examinations in the DRS where testing conditions and permitted materials were controlled and where she was subject to observation and videotape.

12. On or about December 2025, Temple accused Perez of dishonesty in connection with examinations in a course taught by Professor Hutapea and imposed disciplinary consequences, including a failing grade, probation, a requirement to retake the course, and a disciplinary record which survives her graduation.

13. Professor Hutapea asserted that he believed Perez had cheated. Perez alleges that the accusation was not supported by evidence of cheating.

14. During testing at the DRS, Perez was observed by Brandon Barney, a facility employee of Temple, who testified during the disciplinary process that he had carefully observed Perez and did not observe conduct constituting cheating or dishonesty.

15. Professor Hutapea examined Perez's glasses and personal effects for a suspected cheating device and found none.

16. Perez further alleges that Professor Hutapea confronted her regarding an examination, became angry when she denied cheating, and advised her that he intended to report her to Temple for disciplinary sanctions.

17. Temple thereafter pursued disciplinary proceedings against Perez based on the dishonesty accusation.

18. Perez was not afforded a meaningful opportunity to question Professor Hutapea concerning the factual basis for his accusation, even though his opinion and professional judgment as an engineering professor were crucial evidence against her.

19. Perez was required to pursue an appeal without an adequate evidentiary record from the initial proceeding from which a meaningful appeal could be taken.

20. Perez was not permitted to have counsel participate in the disciplinary hearing.

21. Perez alleges that Temple's disciplinary procedures, as applied to her, did not identify or fairly apply a burden of proof adequate to protect her from an erroneous finding of dishonesty.

22. Temple ultimately imposed sanctions that included a failing grade in the course, a requirement that Perez retake the course, and disciplinary consequences that are maintained in her student record.

23. The sanctions delayed Perez's progress toward graduation and required her to incur additional educational expense.

24. Perez alleges that the disciplinary notation may remain in Temple's records for approximately six years and may impair her ability to obtain engineering employment, including positions or projects involving governmental entities or security-clearance requirements.

25. Perez sought review of the disciplinary determination, but the challenged sanctions were affirmed or otherwise left in effect.

## FIRST CAUSE OF ACTION
## LAYLIANI PEREZ v. TEMPLE
## 42 U.S.C. § 1983 — PROCEDURAL DUE PROCESS

26. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

27. Perez had constitutionally protected liberty and property interests implicated by Temple's disciplinary action, including her interest in her continued participation in her university education, the tuition invested, and her reputation, subject to Temple's lawful disciplinary requirements.

28. Because Temple acted under color of state law, it was required to provide constitutionally adequate due process before depriving Perez of protected interests through serious dishonesty sanctions, when Perez did not cheat.

29. The process afforded to Perez was constitutionally inadequate because, among other things, she was not provided a meaningful opportunity to challenge the evidence offered against her, question a material adverse witness concerning the basis for his accusation, or appeal from an adequate record. De facto, Temple placed the burden of proof on plaintiff to prove that she did not cheat.

30. The deficiencies in the process were material because the evidence included testimony from Disability Resource Services facility personnel that Perez had been observed and that no cheating or dishonesty had been seen.

31. As a direct and proximate result of Temple's conduct, Perez suffered damages for educational delay, additional tuition and educational expenses, loss of future earnings and earning capacity, emotional distress, and other damages. She has paid approximately $80,000 in tuition.

32. Perez is also threatened with continuing injury from the maintenance and disclosure of disciplinary sanctions in her Temple records.

WHEREFORE, Plaintiff Layliani Perez respectfully requests that the Court enter judgment in her favor and against Defendant Temple University and award:

(a) compensatory damages in an amount to be determined at trial;

(b) appropriate declaratory and injunctive relief, including expungement or removal of disciplinary sanctions found to have been imposed in violation of Perez's constitutional rights;

(c) reasonable attorney's fees and costs under 42 U.S.C. § 1988;

(d) pre-judgment and post-judgment interest as permitted by law; and

(e) such other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**LAYLIANI PEREZ v. TEMPLE**

**42 U.S.C. § 1983 — SUBSTANTIVE DUE PROCESS**

33. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

34. Temple imposed and maintained serious dishonesty sanctions against Perez despite uncontradicted evidence that, while taking examinations under controlled and observed conditions at the Disability Resources Services facility (DRS), Ms. Perez was not observed engaging in any dishonesty. Facility personnel did not observe cheating or dishonesty by plaintiff, which was their job, and her testing was videotaped.

35. The only adverse witness against plaintiff at her unsuccessful disciplinary hearings was Professor Hutapea.

36. Professor Hutapea testified that he believed Ms. Perez somehow cheated on her tests, which were taken at the DRS.

37. Professor Hutapea offered no credible evidence to support his belief that plaintiff cheated, and he never observed her cheating, because she did not engage in dishonesty.

38. The decision of Temple's hearing board finding plaintiff culpable on or about May 29, 2026, was against the weight of the evidence, lacked any rational basis, and was fundamentally arbitrary and capricious.

39. This irrational decision violated plaintiff's right to substantive due process because it deprived her of protected interests based on mere speculation, hunch, and a complete absence of evidentiary support, thereby shocking the conscience.

40. The hearing given to plaintiff by Temple was a sham, because Perez was found culpable based on mere suspicion by her professor.

41. Temple's decision to sanction Perez, as applied to the facts of her case, was arbitrary and capricious and was not the product of a fair exercise of disciplinary judgment.

42. Temple's decision caused Perez to receive a failing grade, retake the course, incur additional expenses, suffer delay in her graduation, and remain subject to an adverse disciplinary record affecting her future employment.

43. As a direct and proximate result of Temple's conduct, Perez suffered the damages and continuing injuries heretofore alleged.

WHEREFORE, Plaintiff Layliani Perez respectfully requests that the Court enter judgment in her favor and against Defendant Temple University and award:

(a) compensatory damages in an amount to be determined at trial;

(b) appropriate declaratory and injunctive relief, including expungement or removal of disciplinary sanctions found to have been imposed in violation of Perez's constitutional rights;

(c) reasonable attorney's fees and costs under 42 U.S.C. § 1988;

(d) pre-judgment and post-judgment interest as permitted by law; and

(e) such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
## LAYLIANI PEREZ v. TEMPLE

### 42 U.S.C. § 12131 — AMERICANS WITH DISABILITIES ACT (TITLE II)

44. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

45. At all times material herein, plaintiff Layliani Perez suffered from an anxiety-related disorder, which substantially limited one or more major life activities, requiring special accommodations from the University.

46. Ms. Perez was a qualified individual with a disability and was granted an accommodation under the Americans with Disabilities Act by Temple University. (42 U.S.C. § 1201, et seq.)

47. Temple and its agents had a strict duty under Title II of the ADA to reasonably accommodate her disability and to ensure she was not excluded from participation in or denied the benefits of Temple's services, programs, or activities, or subjected to discrimination on the basis of her disability.

48. Temple discriminated against plaintiff on the basis of her disability when Professor Hutapea disrupted her testing environment, removed her from or confronted her at the DRS before or immediately following her tests, and exacerbated her clinical anxiety by aggressively yelling at her in his office when she refused to admit that she cheated.

49. Professor Hutapea also insisted that plaintiff surrender her calculator, glasses, and other personal effects, which he examined for cheating devices without cause, and this discriminatory and hostile action further exacerbated plaintiff's anxiety disorder.

50. Temple violated its obligations under the Americans with Disabilities Act by tracking, prosecuting, and sanctioning plaintiff for dishonesty based on mere

suspicion linked directly to behaviors stemming from or accommodated by her disability.

51. Since plaintiff received a reasonable accommodation for her anxiety disorder from Temple, the act of falsely accusing plaintiff of cheating, requiring that she defend herself before a University tribunal, and sanctioning her conduct with a long-term reference in her disciplinary file indicating dishonesty, constituted discrimination in violation of the ADA.

52. Such conduct by Temple and its agents was severe and pervasive, creating a hostile educational environment that directly exacerbated plaintiff's clinical anxiety and impaired her performance.

53. As a direct and proximate result of Defendant's statutory violations under 42 U.S.C. § 12133, plaintiff suffered severe damages, including loss of tuition, educational delay, loss of future earnings and earning capacity, emotional distress, and loss of life's pleasures.

WHEREFORE, Plaintiff Layliani Perez respectfully requests that the Court enter judgment in her favor and against Defendant Temple University and award:

(a) compensatory damages in an amount to be determined at trial;

(b) appropriate declaratory and injunctive relief, including expungement or removal of disciplinary sanctions found to have been imposed in violation of Perez's constitutional rights;

(c) reasonable attorney's fees and costs under 42 U.S.C. § 1988;

(d) pre-judgment and post-judgment interest as permitted by law; and

(e) such other and further relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION

## LAYLIANI PEREZ v. TEMPLE

### 42 U.S.C. § 1983 — PROCEDURAL DUE PROCESS

54. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

55. At all times material to this action, Parsaoran Hutapea was a professor employed by Temple University and taught Plaintiff in a Civil Engineering course.

56. In performing his teaching, grading, reporting, and disciplinary functions as a Temple University professor, including initiating and participating in dishonesty proceedings against Plaintiff, Hutapea acted under color of state law for purposes of 42 U.S.C. § 1983.

57. Plaintiff possessed constitutionally protected interests implicated by the accusation and finding of dishonesty, the imposition of a failing course grade, the resulting delay in her education, and the creation and maintenance of an adverse disciplinary record.

58. Plaintiff took examinations in Hutapea's course at Temple's DRS pursuant to a disability accommodation granted by Temple.

59. The testing environment was supervised and controlled by Temple personnel. Temple employee Brandon Barney observed Plaintiff during testing and testified in the disciplinary proceedings that he did not observe Plaintiff on any occasion cheating or engaging in dishonesty.

60. Notwithstanding the absence of observed cheating, Hutapea accused Plaintiff of having cheated on one or more examinations.

61. Hutapea lacked physical evidence that Plaintiff possessed or used a cheating device. He nevertheless required Plaintiff to surrender or permit inspection

of her glasses and other personal effects for suspected cheating devices, but no such device was found.

62. Hutapea thereafter summoned Plaintiff to his office and demanded that she admit that she had cheated.

63. When Plaintiff denied cheating, Professor Hutapea became angry, raised his voice, and informed Perez that he would give her an "F" for his course and report her to the DRS and advisory office.

64. Hutapea thereafter caused dishonesty charges to be initiated against Plaintiff and personally provided unsubstantiated testimony against her during Temple's disciplinary proceedings, including testimony at two University Conduct Board proceedings.

65. Hutapea's accusation and testimony were material to the disciplinary proceedings because his asserted belief that Plaintiff had cheated constituted the only adverse evidence against her.

66. Despite Hutapea's central role in initiating the accusation and supplying adverse evidence, Plaintiff was not afforded a meaningful opportunity to question or confront Hutapea concerning the factual basis for his accusation, the absence of any detected cheating device, the contrary observations of Temple's DRS personnel, and the basis for his conclusion that cheating had occurred.

67. Hutapea's actions were undertaken through and in connection with the authority conferred upon him by Temple as Plaintiff's professor, including his authority to grade Plaintiff, report suspected misconduct, initiate disciplinary proceedings, and participate as a material adverse witness in those proceedings.

68. By using that authority to initiate and pursue serious dishonesty charges, without providing Plaintiff a constitutionally adequate opportunity to challenge the

factual basis of his material accusations, Hutapea caused or participated in the deprivation of Plaintiff's protected interests without due process of law.

69. The resulting disciplinary determination caused Plaintiff to receive a failing grade, retake coursework, incur additional educational expenses, suffer delay in graduation, and become subject to an adverse disciplinary record capable of affecting her future educational and employment opportunities.

70. Hutapea's conduct was a direct and proximate cause of the constitutional injuries and damages suffered by Plaintiff.

WHEREFORE, Plaintiff Layliani Perez respectfully requests that this Court enter judgment in her favor and against defendant Temple University and award:

(a) compensatory damages in an amount to be determined at trial;

(b) declaratory relief as permitted by law;

(c) appropriate prospective injunctive relief as permitted by law;

(d) reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

(e) pre-judgment and post-judgment interest as permitted by law; and

(f) such other and further relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION

## LAYLIANI PEREZ v. TEMPLE

## DECLARATORY AND INJUNCTIVE RELIEF — EXPUNGEMENT OF UNCONSTITUTIONAL DISCIPLINARY RECORDS

71. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

72. As a result of the accusations, proceedings, and sanctions described above, Temple maintains or may maintain records reflecting accusations or findings that

Plaintiff engaged in cheating, including records arising from accusations made by Professors Hutapea and Liu.

73. Plaintiff alleges that these accusations were unsupported by sufficient evidence and that the disciplinary determination arising from Hutapea's accusations was reached through the constitutionally deficient procedures alleged in this Complaint.

74. Plaintiff further alleges that she successfully prevailed in a separate University Conduct Board proceeding involving accusations associated with Professor Liu on substantially the same allegations as those of Professor Hutapea, yet records concerning the accusation or proceeding may nevertheless remain in Temple's files.

75. On information and belief, Temple maintains records concerning dishonesty accusations and disciplinary proceedings for approximately six years, including records concerning accusations for which a student was not ultimately found responsible.

76. Temple's continuing maintenance of a disciplinary finding obtained in violation of Plaintiff's constitutional rights constitutes a continuing injury, separate from the original disciplinary proceeding, because the record remains capable of being used or disclosed in connection with Plaintiff's education, graduation, employment, professional opportunities, or other legitimate inquiries concerning her university history. Such written findings also make it exceedingly difficult for plaintiff to transfer to another university.

77. Plaintiff is pursuing a career in civil engineering. Employment in that field may likely involve inquiries concerning educational and disciplinary history and, for some positions or projects, background investigations or security-clearance requirements.

78. The continued maintenance or disclosure of an accusation or dishonesty finding obtained through constitutionally inadequate procedures therefore creates an ongoing risk of concrete injury to Plaintiff's professional reputation and employment opportunities.

79. Plaintiff has no adequate remedy at law for the continuing maintenance and potential disclosure of an unconstitutional disciplinary determination because an award of damages alone would not remove or correct the challenged information contained in Temple's records.

80. Plaintiff therefore seeks equitable relief requiring Temple to remove or expunge from its disciplinary, electronic, and other student records any finding of dishonesty, sanction, notation, or adverse reference determined by this Court to have resulted from the constitutional violations alleged in this Complaint.

81. Plaintiff further seeks appropriate correction of any course grade or other consequence that the Court determines resulted directly from a constitutionally invalid disciplinary determination.

82. Plaintiff does not seek the destruction of legitimate records unrelated to the constitutional violations alleged herein, but seeks relief sufficient to prevent Temple from continuing to maintain, use, or disclose an adverse disciplinary finding that was obtained in violation of federal law.

WHEREFORE, Plaintiff Layliani Perez respectfully requests that the Court:

(a) declare that the disciplinary determination challenged in this action was obtained in violation of Plaintiff's constitutional rights, if Plaintiff establishes such violation;

(b) permanently enjoin Temple from maintaining, using, or disclosing any disciplinary finding or sanction determined to have been imposed in violation of Plaintiff's federal rights;

(c) order Temple to expunge or appropriately correct its records to eliminate findings, sanctions, and notations resulting from the unconstitutional disciplinary determination;

(d) order appropriate correction of any grade or consequence proven to have resulted directly from the invalid disciplinary determination;

(e) award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

(f) award such compensatory damages as are otherwise recoverable under Plaintiff's substantive causes of action; and

(g) grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
LAW OFFICES OF WILLIAM C. REIL

By: /s/ William C. Reil
William C. Reil, Esquire
Attorney Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
(215) 564-1635
Attorney for Plaintiff Layliani Perez